**TEXAS BRINE CORPORATION, et al., Appellants,**

v.

**Andrew K. LOFTON, Appellee.**

**No. C14–83–480–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 14, 1985.

Rehearing Denied Nov. 14, 1985.

David V. Jones, Houston, for appellants.

Gene Hagood of Brown, Todd, Hagood & Davenport, Alvin, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

### OPINION ON APPELLEE'S SECOND MOTION FOR REHEARING

SEARS, Justice.

Appellee's second Motion for Rehearing is denied by the panel, however I feel a response is appropriate.

Appellee, in his second Motion for Rehearing, fails to recognize that "excessive speed," "negligence" and "proximate cause" are not interchangeable words of art. He further fails to acknowledge the critical "time to avoid" aspect of the *Biggers* case,[1] or the rationale of the *Baumler* case,[2] wherein the supreme court held "excessive speed is not necessarily a proximate cause."

This case falls squarely within that area of the law wherein the speed of appellant *could* be found to be excessive, *could* lead a reasonable person exercising ordinary care to forsee something bad could result, and yet not be a proximate cause of *this particular accident* because appellee darted out in front of appellant at such a point in time that the collision could not have been avoided regardless of the speed of appellant's vehicle. There is simply no legally sufficient evidence to prove that the accident would not have occurred *but for* the speed of appellant. To arrive at a contrary conclusion is to find that an essential element of appellee's burden of proof has been proven by pure speculation.

Appellee's Second Motion for Rehearing is hereby overruled.

---

1. *Biggers v. Continental Bus Systems,* 157 Tex. 351, 303 S.W.2d 359 (1957).

2. *Baumler v. Hazelwood,* 162 Tex. 361, 347 S.W.2d 560 (1961).